# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FALASHA ALI,

    Plaintiff,

vs.

CITY OF NORTH LAS VEGAS, et al.,

    Defendants.

Case No. 2:10-CV-01690-KJD-(PAL)

**ORDER**

    Plaintiff has paid the initial partial filing fee (#3). The court has reviewed plaintiff's complaint, and plaintiff will need to file an amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1    Plaintiff was a criminal defendant in this court.  See United States v. Ali, 2:06-CR-
2 00160-RLH-(RJJ).  In those proceedings, plaintiff was sent to the custody of the Federal Bureau of
3 Prisons for a mental-health evaluation.  After the evaluation, plaintiff was returned to the North Las
4 Vegas Detention Center as a pre-trial detainee.  Plaintiff alleges that while there he was kept in
5 administrative segregation for almost 2 years.  He was kept in his cell 23 ½ hours a day and was
6 kept on medications with serious side effects (he does not allege what they were).  Plaintiff alleges
7 that he was kept in administrative segregation because of his mental illness, not because of
8 disciplinary infractions, combative co-defendants, gang membership, or request for protective
9 custody.  The results of this long-term solitary confinement were suicidal thoughts, crying spells,
10 hallucinations, depression, blackouts, uncontrollable laughter, being over-responsive to external
11 stimuli, perceptual distortions, pain, anxiety, mental distress, and anguish.  The court assumes that
12 plaintiff is stating these claims against the defendant City of North Las Vegas, which operates the
13 North Las Vegas Detention Center.
14    Plaintiff has named Ken Ellingson as a defendant individually and in his official
15 capacity as the director of the North Las Vegas Detention Center.  While individual-capacity actions
16 seek to impose personal liability upon a government official for actions performed under color of
17 state law, official-capacity actions generally represent another way of suing "an entity of which an
18 officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department
19 of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)).  However, nowhere in the
20 body of the complaint does plaintiff allege what defendant Ellingson did.  Plaintiff will need to
21 correct this defect if he wishes to proceed against defendant Ellingson in his individual capacity.
22    Plaintiff has listed three unnamed detention officers, John Does 1 through 3, as
23 defendants in their official capacities.  Plaintiff alleges that John Doe 1 fastened restraints upon
24 plaintiff too tightly, breaking and bruising plaintiff's skin.  Plaintiff alleges that all three Doe
25 defendants shackled plaintiff every time he left the administrative segregation unit, and that they
26 denied plaintiff access to the law library, religious services, communal dining, proper psychiatric
27 care, and adequate recreation.  Plaintiff does not allege any facts that could indicate that defendant
28 Does' actions resulted from official policy or custom, which is required because plaintiff is suing

them in their official capacities. Furthermore, plaintiff will need to identify these officers before the action can proceed against them.

    IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.

    IT IS FURTHER ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal defendants John Does 1 through 3, and defendant Ellingson in his individual capacity, from this action.

    IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:10-CV-01690-KJD-(PAL), above the word "AMENDED."

    DATED: January 25, 2011

                                 _____
                                 KENT J. DAWSON
                                 United States District Judge