UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FALASHA ALI,

    Plaintiff,

v.

CITY OF NORTH LAS VEGAS, *et al*.,

    Defendants.

Case No. 2:10-CV-01690-KJD-PAL

**ORDER**

    Presently before the Court is Defendants' Ken Ellingson, in his official capacity and individual capacity as Director, and North Las Vegas Detention Center's Motion for Judgment on the Pleadings (#14). Plaintiff filed a Counter Affidavit (#15), a Notice and Opportunity to Exhaust Private Administrative Remedies (#17), a Notice of Dishonor (#18). Also before the Court is Plaintiff's Motion for Entry of Clerks Default (#20). Defendants filed a Response to Motion for Entry of Clerks Default (#21), and a Reply to Response to Motion for Judgment on the Pleadings (#22).

I.  Background

    Plaintiff is a prisoner at Federal Correctional Institution-Victorville in Adelanto, California. On September 28, 2010, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 listing the following Defendants: "City of North Las Vegas; North Las Vegas Detention Center

("NLVDC"); and Ken Ellingson, Director, individually and in his official capacity as Director of NLVDC ("Ellingson"), and John Doe Detention officers 1-2, inclusive." Plaintiff alleges that while detained at the North Las Vegas Detention Center in the City of North Las Vegas, he was subjected to discrimination by "Directors, officers, Administrators, agents, and policies" of the City of North Las Vegas. Specifically, Plaintiff asserts he was "denied access to religious services, psychiatric care and maintenance, recreation, law library, and communal dining" while he was held in "Administrative Segregation and solitary confinement" there from January 1, 2007, through October of 2008. Plaintiff further alleges that he had a constitutional right to not be harmed or punished, and that Defendants breached their fiduciary duties by failing to protect him from that harm. Plaintiff is seeking $870,400.00 in compensatory damages for the "extreme mental anguish, pain, and emotional distress" he suffered as a result of the discrimination.

II. Legal Standard for a *Pro Se* Litigant

Plaintiff is representing himself *pro se*. *Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Pleadings by *pro se* litigants, regardless of deficiencies, should only be judged by function, not form. Id. However, a *pro se* plaintiff is not entirely immune from the rules of civil procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).

III. Motion for Judgment on the Pleadings

A. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). In ruling on a motion for judgment on the pleadings, the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes the facts in

1  the light most favorable to that party.  Id.  Thus, when brought by a defendant, the same legal
2  standard applies to a post-answer Rule 12(c) motion for judgment on the pleadings as applies to a
3  pre-answer Rule 12(b)(6) motion to dismiss for failure to state claim upon which relief can be
4  granted.  See Johnson v. Rowley, 569 F.3d 40, 43–44 (2d Cir. 2009); see also Fed. R. Civ. P.
5  12(h)(2)(B) (providing the defense of failure to state a claim may be raised by a motion under Rule
6  12(c)); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that a post-answer Rule
7  12(b)(6) motion should be treated as a Rule 12(c) motion).

8       To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the
9  Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  See Mendiondo v. Centinela Hosp.
10 Med. Ctr., 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and plain
11 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The
12 Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that
13 offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"
14 will not suffice.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
15 Twombly, 127 S.Ct. 1955 (2007)).

16      Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted
17 as true, to state a claim to relief that is plausible on its face."  Id. at 1949 (internal quotation marks
18 omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw
19 the reasonable inference, based on the court's judicial experience and common sense, that the
20 defendant is liable for the misconduct alleged.  See id. at 1949–50.  "The plausibility standard is not
21 akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has
22 acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's
23 liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at
24 1949 (internal quotation marks and citation omitted).

25      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.
26 Id. (citation omitted).  However, "bare assertions ... amount[ing] to nothing more than a formulaic

recitation of the elements of a ... claim ... are not entitled to an assumption of truth." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1951) (alteration in original) (internal quotation marks omitted).  The court discounts these allegations because they do "nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." Id. (citing Iqbal, 129 S.Ct. at 1951.)  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Id. (quoting Iqbal, 129 S.Ct. at 1949).

B.  Analysis

On November 28, 2011, Defendants filed a Motion for Judgment on the Pleadings to dismiss all claims against Ellingson and NLVDC.  Defendants contend that any claims against NLVDC fail because it is not a real party in interest, and that claims against Ellingson fail because he had left employment with the City of North Las Vegas more than two years prior to the alleged violations. As discussed above, Plaintiff's subsequent filings did not oppose the Motion for Judgment on the Pleadings in any way.  Pursuant to Local Rule 7-2, Plaintiff's failure to oppose Defendants' motion constitutes a consent to the granting of the motion.  Accordingly, the Motion for Judgment on the Pleadings is granted and all claims against Ellingson and NLVDC are dismissed.  Even if Plaintiff's subsequent filings had opposed the Motion for Judgment on the Pleadings, the motion would be granted on the merits.

Defendants have filed an affidavit by a Human Resources Analyst for the City of North Las Vegas which declares that Ellingson's last day of employment with the City of North Las Vegas was July 12, 2004.  In addition, Plaintiff admits in his "Counter Affidavit" (#15) that his complaint named Ellingson based on "false information" about the identity of the "current Director, Administrator, or Agent of NLVDC."  The function of Plaintiff's complaint is to name as a defendant the director of NLVDC at the time of the alleged violations which began on January 1, 2007.  Ellingson was not employed by NLVDC at that time and he could not have committed the violations alleged in the complaint.  Accordingly, the motion to dismiss Ellingson is granted.

4

The NLVDC is a facility used by the City of North Las Vegas Police Department's Detention/Corrections Division. That Division is organized under the Office of the Chief of Police which is part of the Police Department of the City of North Las Vegas. Fed. R. Civ. P. 17(a) requires that an action must be prosecuted in the name of the real party in interest, and Fed. R. Civ. P. 17(b)(3) states that the law of the state where the court is located will determine a party's capacity to be sued. Under Nevada law, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." Wayment v. Holmes, 912 P.2d 816, 819 (Nev. 1996) (citing 64 C.J.S. Municipal Corporations § 2195 (1950)).

Nevada law does not permit the City of North Las Vegas Police Department to be sued in its departmental name, and a fortiori, the Police Department's NLVDC facility is not permitted to be sued. In addition, Plaintiff has not identified any statutory authority that permits NLVDC to be sued. The appropriate party is the City of North Las Vegas which has been named in this action. Accordingly, the motion to dismiss NLVDC is granted.

IV.  Motion for Entry of Clerks Default

A.  Legal Standard

Entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend [the Complaint] ...." Fed. R. Civ. P. 55(a). There is no right to a default judgment; its entry is entirely within the discretion of the district court. See Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986); see also Rashidi v. Albright, 818 F.Supp. 1354, 1356, n. 4 (D.Nev. 1993). Defaults are generally disfavored, see Eitel v. McCool, 782 F.2d 1470, at 1472 (9th Cir. 1986), and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." See McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D.Nev. 2002) citing TCI Group Life Ins. Plan v. Knoebber, 224 F.3d 691, 696 (9th Cir. 2001).

B.  Analysis

On March 20, 2012, Plaintiff filed a Motion for Entry of Clerks Default (#20) asserting that (1) Defendants were properly served with an "amended Civil Rights Complaint" on November 3,

2011, and (2) they failed to "plead or otherwise defend in a timely manner" to his "Counter Affidavit" (#15), "Notice and Opportunity to Exhaust Private Administrative Remedies" (#17), and "Notice of Dishonor" (#18).

Plaintiff's "Counter Affidavit" (#15) addresses certain facts alleged by Defendants in the Motion for Judgment on the Pleadings (#14), however, Plaintiff concedes the truthfulness of those facts by offering up his excuses to explain them. First, regarding the allegation that Ellingson was not employed at NLVDC during the time of the alleged violations, Plaintiff states that he was misinformed by the prison law library clerk about the identity of the current director of the North Las Vegas Detention Center. Second, regarding Plaintiff's failure to meet filing deadlines and provide service within prescribed time-frames, Plaintiff alleges a string of racial assaults, prison instability, and multiple institutional lock-downs occurring from January 1, 2010 "until the present" as the cause of his difficulty.

Because the "Counter Affidavit" (#15) merely restates claims made in the original complaint and does not dispute any of the allegations in the Motion for Judgment on the Pleadings, Defendants were under no obligation to respond or otherwise defend against it. In addition, Plaintiff's "Notice of Opportunity to Exhaust Private Administrative Remedies" (#17), and "Notice of Dishonor" (#18) do not address Defendants' Motion for Judgment on the Pleadings, and do not state any legally cognizable claims against Defendants or otherwise support Plaintiff's causes of action against Defendants in any way. Because those filings added nothing to the Plaintiff's original Complaint (#5) that Defendants did not already address in the Motion for Judgment on the Pleadings (#14), Defendants were not obligated to plead or otherwise defend against them.

Perhaps the only legally plausible claim that Plaintiff could have made (which he did not) is that Defendants failed to answer Plaintiff's Amended Complaint (#7) within 21 days of service of process. Defendants' attorney was properly served on November 3, 2011, and an answer was due by November 24, 2011, but Defendants failed to reply until November 28, 2011.

6

This delay of response, however, would not be enough for this Court to grant Plaintiff's Motion for Entry of Clerks Default. Defendants allege that the City of North Las Vegas did not receive proof of service until November 9, 2011, and that their response on November 28, 2011 was within the twenty-one day time-frame. There is no right to a default decision, and because a decision on the merits is preferred, this Court would grant Defendants' motion for an extension of time. Accordingly, Plaintiff's Motion for Entry of Clerks Default is denied.

V.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (#14) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Clerks Default (#20) is **DENIED**.

DATED this 28th day of June 2012.

_____
Kent J. Dawson
United States District Judge