# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FALASHA ALI,

    Plaintiff,

v.

CITY OF NORTH LAS VEGAS, *et al*.,

    Defendants.

Case No. 2:10-CV-01690-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) (#47). Defendant City of North Las Vegas filed a response in opposition (#48) to which Plaintiff replied (#49).

I.  Background

    On December 20, 2013, the Ninth Circuit Court of Appeals summarily affirmed the Court's order dismissing the claims against all parties other than Defendant City of North Las Vegas. See Order, Docket No. 36. Instead, the Ninth Circuit reversed the Court's judgment against the City of North Las Vegas and ordered that those claims be dismissed without prejudice for lack of proper service. Id.  Mandate (#37) issued on January 14, 2014, and the Court issued its Order on Mandate (#40), complying with the order of the Ninth Circuit Court of Appeals and dismissing the claims against the City of North Las Vegas without prejudice.

1    Plaintiff then filed an Amended Complaint (#41) in this closed action on May 9, 2014. He
2 also moved the Court to have the Amended Complaint served by the United States Marshals. The
3 Court denied (#46) the motion because the case was closed.  Plaintiff then filed the present motion to
4 reconsider.

5    Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of:  (1) mistake,
6 inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's
7 fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or
8 discharged judgment; or (6) any other reason justifying relief from the operation of the judgment.
9 See Fed. R. Civ. P. 60(b).  A party can obtain relief under Rule 60(b) only upon an adequate showing
10 of exceptional or extraordinary circumstances.  See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.
11 1995). Here, Plaintiff moves the Court to reconsider its previous order (#46) denying his request to
12 file an amended complaint and have it served by the United States Marshals.  Plaintiff argues that it
13 is unfair to require him to file a new complaint and pay a new filing fee.

14    However, the law of the case doctrine prevents the Court from granting Plaintiff's motion.
15 The law of the case doctrine originated in the courts as a means of ensuring the efficient operation of
16 court affairs. Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir.1990).
17 Specifically, this doctrine was designed to further the "principle that in order to maintain consistency
18 during the course of a single lawsuit, reconsideration of legal questions previously decided should be
19 avoided." United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986).  While courts are generally
20 urged to adhere to this doctrine, it is "not an inexorable command." Hanna Boys Center v. Miller,
21 853 F.2d 682, 686 (9th Cir.1988). "That is, the doctrine 'is discretionary, not mandatory' and is in no
22 way 'a limit on [a court's] power.'" City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,
23 254 F.3d 882, 888 (9th Cir. 2001)(quoting Houser, 804 F.2d at 567).

24    If this Court was being asked to reconsider its own order, it could consider Plaintiff's motion.
25 See Houser, 804 F.2d at 567 ("All rulings of a trial court are subject to revision at any before the
26 entry of judgment."). However, the ruling Plaintiff essentially asks the Court to reconsider is the

Ninth Circuit's order to dismiss the case without prejudice for failure to serve the summons and complaint in compliance with Federal Rule of Civil Procedure 4(m).  See Id.("A trial court may not, however, reconsider a question decided by an appellate court.").  Therefore, the Court denies Plaintiff's motion.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) (#47) is **DENIED**.

DATED this 31st day of March 2015.

_____
Kent J. Dawson
United States District Judge